JASON E. ANDERSON, Plaintiff-Appellee, v. NAOMI HECKMAN, Defendant (The Department of Public Aid, Appellant).

Fourth District   No. 4—02—0041

Opinion filed September 30, 2003.

450

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Karen J. Dimond, Assistant Attorney General, of counsel), for appellant.

No brief filed for appellee.

PRESIDING JUSTICE MYERSCOUGH delivered the opinion of the court:

On September 13, 2001, the trial court denied the Department of Public Aid's (Department) petition to modify child support. In December 2001, the trial court denied the Department's petition to reconsider. This appeal followed.

## I. BACKGROUND

Plaintiff, Jason E. Anderson, was declared to be the father of Na-

dia N.H. on May 13, 1999. At that time, the trial court ordered plaintiff to pay $36 per week for child support, which was 20% of his average weekly salary. On October 14, 1999, plaintiff filed a petition to reduce child support, alleging he was attending college and receiving unemployment compensation. On January 22, 2001, the court reduced plaintiff's child support to $51 every other week (or $25.50 per week), which was about 20% of plaintiff's income.

On June 14, 2001, the Department filed a petition to modify child support, stating plaintiff's ability to pay had increased since the January 2001 court order. A hearing was held on September 13, 2001, and plaintiff admitted that he was employed with the Macon County sheriff's department and that defendant's exhibit No. 1 accurately reflected his earnings. Plaintiff also acknowledged that under the terms of his collective-bargaining agreement, every November 30 he receives an additional payment equal to 6% of his annual salary. The Department argued that 20% of plaintiff's net pay, including 20% of this year's annual November 30 payment, would require a child support payment of $60 per week.

By docket entry dated September 13, 2001, the trial court denied the Department's petition to modify without explanation. The bystander's report further does not indicate that the court provided any reasons for denying the Department's petition to modify.

The Department filed a motion to reconsider, stating that the current child support of $25.50 per week was calculated using plaintiff's former unemployment income of $256.80 every two weeks. The Department argued that plaintiff's current income of $590.72 every two weeks constituted a 130% increase in income and was a substantial change in circumstances. Further, the Department argued that the $590.72 every two weeks did not take into account the over $1,300 payment plaintiff would receive November 30. Finally, the Department argued that the trial court offered no explanation for its deviation from the statutory guideline of 20% in setting plaintiff's child support and that the current $25.50 per week was only 8.6% of plaintiff's net income.

After taking the motion under advisement, the trial court denied the motion to reconsider on December 11, 2001, by docket entry. The court found that it was not required to adhere to the statutory guidelines or to state its reasons for denying the modification.

"Cause removed from advisement. The [c]ourt's [o]rder of September 13, 2001[,] was a denial of the [d]efendant's [p]etition to [m]odify the support order entered on January 18, 2001. In such circumstances, adherence to statutory guidelines is not mandated. In any event, the [c]ourt is not required to state its reasons beyond

oral statements made at the time of ruling on the [d]efendant's [p]etition to [m]odify."

This appeal followed.

## II. ANALYSIS

The Department appeals, arguing (1) the trial court erred by ruling that the statutory child support guidelines need not be followed on a petition to modify, and (2) the court abused its discretion by failing to comply with section 505 of the Illinois Marriage and Dissolution of Marriage Act (Dissolution Act) (750 ILCS 5/505 (West 2000)) and refusing to modify child support. We agree and remand with directions.

### A. Applicability of Section 505 of the Dissolution Act

The Department argues that section 505 of the Dissolution Act applies to proceedings seeking to modify child support. We agree.

We review *de novo* whether the trial court is required to adhere to the Dissolution Act statutory support guidelines when ruling on a motion to modify child support. *Hogan v. Adams*, 333 Ill. App. 3d 141, 146, 775 N.E.2d 217, 221 (2002). Where the statutory language is clear and unambiguous, a court must give effect to the statute as written without reading into the statute exceptions, limitations, or conditions that the legislature did not express. *In re J.W.*, 204 Ill. 2d 50, 62, 787 N.E.2d 747, 755 (2003).

Plaintiff was found to be the father of Nadia N.H. pursuant to the Illinois Parentage Act of 1984 (Parentage Act) (750 ILCS 45/1 through 27 (West 2000)). In accordance with the Parentage Act, the trial court "shall" use the guidelines and standards set forth in section 505 of the Dissolution Act in determining the amount of child support. 750 ILCS 45/14(a)(1) (West 2000). Further, the court has continuing jurisdiction under the Parentage Act to modify an order for child support, but "only in accordance with [s]ection 510 of the [Dissolution Act]." 750 ILCS 45/16 (West 2000).

Section 510 of the Dissolution Act provides for modification of an order for child support (1) upon the showing of a substantial change in circumstances, or (2) without the necessity of showing a substantial change in circumstances upon a showing of (a) an inconsistency of at least 20% between the amount of the existing order and the amount of child support that results from application of the guidelines specified in section 505 of the Dissolution Act, or (b) a need to provide for the health care needs of the child under the order through health or other insurance. 750 ILCS 5/510(a) (West 2000). Section 505 of the Dissolution Act sets forth mandatory guidelines that then must be followed, unless the court makes a finding that application of the guidelines

would be inappropriate, after considering the best interests of the child in light of identified relevant factors. 750 ILCS 5/505(a) (West 2000).

■ The clear language of the statute mandates the trial court to follow section 505 guidelines and either (a) award support in the amount set forth in the statute or (b) make a finding that application of the guidelines was inappropriate. The court did neither. Clearly, the court erred by finding the statutory guidelines of section 505 of the Dissolution Act do not apply to the modification of a child support order.

## B. Refusal To Apply Section 505 Guidelines and Modify Child Support Order

The Department further argues that the trial court abused its discretion when it (1) failed to apply the requirements of section 505 of the Dissolution Act, and (2) refused to modify the child support order. We agree.

■ The modification of child support lies within the sound discretion of the trial court. *Department of Public Aid ex rel. Nale v. Nale*, 294 Ill. App. 3d 747, 751, 690 N.E.2d 1052, 1055-56 (1998).

■ As stated above, section 505 of the Dissolution Act does apply to modifications of child support orders. Therefore, the trial court was required to determine the minimum amount of support under the guidelines. Plaintiff has one child, so he must pay 20% of his net income as the *minimum* amount payable in child support. 750 ILCS 5/505(a)(1) (West 2000). Section 505 does permit a deviation from the guidelines upon a finding that application of the guidelines would be inappropriate (750 ILCS 5/505(a)(2) (West 2000)); however, when a deviation is found to be appropriate, section 505 provides that the court "shall state the amount of support that would have been required under the guidelines" and "shall include the reason or reasons for the variance from the guidelines." 750 ILCS 5/505(a)(2) (West 2000). Therefore, the court's refusal to follow the statutory guidelines or state its reasons for deviating from the guidelines set forth in section 505 was an abuse of discretion.

Moreover, the trial court's refusal to modify child support was an abuse of discretion. Section 505(a) of the Dissolution Act creates a rebuttable presumption that a specified percentage of a noncustodial parent's income represents an appropriate child support award. *Nale*, 294 Ill. App. 3d at 751, 690 N.E.2d at 1056. This presumption also applies in modification proceedings. *Nale*, 294 Ill. App. 3d at 751-52, 690 N.E.2d at 1056. Compelling reasons must be presented to overcome the presumption that the guidelines will be applied. *Nale*, 294 Ill. App.

3d at 752, 690 N.E.2d at 1056. And, according to the Dissolution Act, modification is proper upon a showing of a substantial change in circumstance or upon a showing of an inconsistency of at least 20% between the amount of the existing order and the amount of support that results from application of section 505 guidelines. 750 ILCS 5/510(a)(2)(A) (West 2000).

The Department presented evidence that a substantial change in circumstances existed because the source of plaintiff's income was no longer unemployment benefits. Plaintiff was a full-time employee of the Macon County sheriff's department, with biweekly income of $590.72. In addition to this "substantial change of circumstances," there was also a showing of an inconsistency of at least 20%. Under the existing support order, plaintiff pays support in the amount of $25.50 per week. However, applying the statutory guidelines of section 505, 20% of plaintiff's current income, exclusive of the $1,300 November payment, is $59.07 or approximately $60 per week. The difference between $25.50 and $60 is approximately 235%.

Plaintiff admitted that exhibit No. 1, showing a net biweekly income of $590.72, was accurate. Plaintiff further admitted that he was to receive a bonus payment equal to 20% of his annual income every November 30, in accordance with the terms of the collective bargaining agreement. That bonus payment was approximately $1,300 in 2001. Applying the guidelines to the facts, the Department argued that plaintiff should pay $60 per week in child support. This was an increase of at least 20% over the $25.50 per week under the current support order, and, therefore, a modification was appropriate under section 510(a)(2)(A) of the Dissolution Act. 750 ILCS 5/510(a)(2)(A) (West 2000).

Upon satisfaction of one of the requirements for modification, the court was required to either follow the statutory guidelines of section 505 of the Dissolution Act and modify the support order, or state its reasons for declining to follow the guideline. The court's refusal to do either in the instant case was an abuse of discretion. We, therefore, reverse and remand with directions to modify the child support order in accordance with sections 505 and 510 of the Dissolution Act.

### III. CONCLUSION

For the reasons set forth above, we reverse and remand with directions.

Reversed and remanded with directions.

KNECHT and APPLETON, JJ., concur.